UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

JAY CONNOR, individually

and on behalf of a class of all persons and

entities similarly situated,

      Plaintiffs,

vs.                                                                                      Case No.         2:25-cv-07135-DCN

JF MARKETING & SUPPORT LLC,

RASHID AWAN

and AREAHOU DIAGNOSTICS LLC

      Defendants.

### MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

On July 14, 2025, the Plaintiff, Jay Connor, filed a summons and complaint alleging that JF Marketing & Support, LLC, Rashid Awan ("Awan"), and Areahou Diagnostics, LLC (collectively, "Defendants") had violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, and the South Carolina Telephone Privacy Protection Act, S.C. Code Ann. § 37-21-10 *et seq*. Because the Plaintiff has failed to state claims upon which relief may be granted against Awan, his complaint against Awan should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### LEGAL STANDARD

A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

As the Court held in [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-

1

defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). (internal citations omitted).

## LAW

47 U.S.C. § 227(c)(1), provides, in pertinent part, "[T]he [Federal Communications] Commission shall initiate a rulemaking proceeding concerning the need to protect residential telephone subscriber" privacy rights to avoid receiving telephone solicitations to which they object."

47 C.F.R. § 64.1200(c)(2) provides, in pertinent part,

No person or entity shall initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government… **Any person or entity making telephone solicitations (or on whose behalf telephone solicitations are made)** will not be liable for violating this requirement if it can demonstrate that the violation is the result of error and that as part of its routine business practice, it meets [enumerated standards].

[emphasis added].

S.C. Code Ann. § 37-21-70(A) provides, in pertinent part,

A person may not initiate, or cause to be initiated, a telephone solicitation directed to a telephone number when a person at that telephone number previously stated a desire not to be contacted again by or on behalf of the person on whose behalf the telephone solicitation is being made. This statement may be made to a telephone solicitor or to the person on whose behalf the telephone solicitation is being made if that person is different from the telephone solicitor.

S.C. Code Ann. § 37-21-70(B) provides, in pertinent part, "**A telephone solicitor may not initiate, or cause to be initiated,** a telephone solicitation to a telephone number on the National Do Not Call Registry maintained by the federal government." [emphasis added].

**ARGUMENT**

Upon information and belief, the present lawsuit is at least the thirtieth (30th) suit that the Plaintiff has filed in the United States Court for the District of South Carolina since 2010 alleging violations of 47 U.S.C. § 227, *et seq.* and is one of ten active class actions suits involving the Plaintiff currently pending in federal court. The Plaintiff has filed lawsuits premised on substantially the same allegations in forums as distant as the Middle District of Florida (*Jay Coleman Connor v. Livecare, Inc.*, 8:25-cv-00656-SDM-CPT), the District of New Jersey (*Jay Connor v. Drivesmart Auto Care Inc.*, 3:25-cv-12171-ZNQ-JTQ), and the District of Colorado (*Jay Connor v. Servicequik Inc. d/b/a Zing Business Management Software*, 1:24-cv-02286-CNS-NRN). Despite there being no overlap between counsel of record in the above-mentioned cases, all three share the same opening paragraph as the complaint in this case.

In his complaint, the Plaintiff pleaded that he received an unsolicited phone call from an individual identified as "Mike" from "Genetic Advocate Lab" on April 16, 2025. (Compl., par. 37 – 38). The Plaintiff pleaded that during this call, he answered questions while fraudulently assuming the identity of his father "in an effort to get more information about Defendants' company." (Par. 39, Compl.). The Plaintiff then pleaded that he received a phone call from "Mike" on April 17, 2025, and after two transfers to unidentified "additional people," he was transferred for a third time to speak with Awan. (Compl., par. 44). The Plaintiff pleaded that during his conversation with Awan, the Plaintiff "answered a series of questions from Dr. Awan." The Plaintiff did not allege that he ever indicated to Awan that the call was a nonconsensual encounter, nor did he allege that he asked Awan to refrain from contacting him in the future.

3

To state a claim sufficient to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Plaintiff was required to plead factual content which would allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft*, 556 U.S. at 678. To satisfy this standard as it pertains to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*., and the South Carolina Telephone Privacy Protection Act, S.C. Code Ann. § 37-21-10, *et seq*., the Plaintiff was required to state facts sufficient to allow the court to draw the reasonable inference that Awan either initiated the calls to the Plaintiff or that the calls were initiated on Awan's behalf.

In the complaint, the Plaintiff neither alleges that Awan ever initiated an unsolicited call, nor that Awan caused any unsolicited call to be initiated. In fact, the Complaint sets forth only one instance in which the Plaintiff and Awan spoke, and the Plaintiff clearly states that someone other than Awan initiated that call. (Compl., par. 44). Thus, to state a claim upon which relief may be granted, the Plaintiff's allegations against Awan require an inference that Awan caused either the April 17, 2025, call, or some other unwanted call, to be initiated.

The allegations stated against Awan in the Complaint are too threadbare to support such an inference. The Plaintiff pleaded that "Mike" called him on April 17, 2025, that "Mike" transferred the Plaintiff to unidentified person #1 for an indeterminate purpose, that after an unidentified amount of time unidentified person #1 transferred the Plaintiff to unidentified person #2 for an indeterminate purpose, and that after an unidentified amount of time unidentified person #2 transferred the Plaintiff to Awan. (Compl., par. 44).

This allegation is not sufficient to allow a court to reasonably infer that any unsolicited call to the Plaintiff was made on behalf of Awan.

4

## CONCLUSION

For the foregoing reasons, Awan now requests that this Court dismiss the complaint against him, and for such other and further relief as this Court deems just and proper.

/s/ J. Bradley Studemeyer
J. Bradley Studemeyer (Fed Bar No. 13396)
J. Gregory Studemeyer (Fed Bar No. 4368)
Ryan G. Studemeyer (Fed Bar No. 14400)
STUDEMEYER LAW FIRM, P.C.
7478 Carlisle Street
Post Office Box 1014
Irmo, South Carolina 29063
803-393-4399
Attorneys for Rashid Awan

Irmo, South Carolina

October 13, 2025