UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

JAY CONNOR, individually
and on behalf of a class of all persons and
entities similarly situated,

    Plaintiffs,

vs.     Case No. 2:25-cv-07135-DCN

JF MARKETING AND SOLUTIONS, INC.,

RASHID AWAN,

and AREAHOU DIAGNOSTICS LLC

    Defendants

## OPPOSITION TO DEFENDANT RASHID AWAN'S "SUPPLEMENTAL" MOTION TO DISMISS

### Introduction

Defendant Rashid Awan's procedurally improper so-called "supplemental" motion to dismiss must be denied for the independent reason that it is doctrinally wrong, relies on out of context legal definitions, and is contrary to the wealth of TCPA case law holding that individuals may be liable when they have direct, personal participation on the calls at issue, precisely as the Plaintiff has pled here.

### Legal Standard

Rule 12(g)(2) prohibits serial motions to dismiss, which are waived under Rule 12(h)(1)(A) if they were omitted from an earlier motion. "A motion" (singular, not plural), must be made before pleading; "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." FED. R. CIV. P. 12(g)(2).

1

Under Rule 12(b)(6), a court may dismiss a complaint that fails to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rather than require detailed pleadings, the Rules demand only a "short and plain statement" of the claim showing that the pleader is entitled to relief, in order to give defendant fair notice of what the claim is and the grounds upon which it rests, not detailed factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 678 (cleaned up). In determining whether a claim is plausible, the court must "draw on its experience and common sense." *Id.* at 678. After identifying elements to set forth a claim and removing conclusory allegations, the Court must accept all well-pled factual allegations as true and determine if they give rise to relief. *Id.* A complaint may be dismissed only where it appears that there are not "enough facts to state a claim that is plausible on its face," not merely because the defendant proffers some contrary facts. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). On a Rule 12(b)(6) motion, the Court accepts well-pled facts as true and draws reasonable inferences in Plaintiff's favor. Whether the defendant was a principal of the actual caller acting as its agent, either through actual authority, apparent authority, or ratification, is a fact-intensive inquiry not suited for resolution on the pleadings, provided the complaint plausibly alleges calls were made on a defendant's behalf and the defendant accepted and acted upon the resulting lead. *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 660 (4th Cir. 2019) (affirming TCPA vicarious liability jury verdict and holding that the existence of an agency relationship is a mixed question of law and fact that should generally be decided by a jury).

## Argument

1. <u>Defendant's motion is procedurally improper and must be denied.</u>

Rule 12(g)(2) is clear. Although a Defendant may move to dismiss on multiple bases, once a motion to dismiss under Rule 12(b)(6) has been filed, that's it. Rule 12(g)(2) prohibits serial motion practice. And Rule 12(h)(1)(A) makes clear that, by omitting the instant argument from the Defendant's motion, Defendant has waived its defense that the TCPA does not apply to individuals. Fourth Circuit courts strictly construe Rule 12(h)'s waiver provisions. *E.g.*, *Mayo v. Rocky Mount Police Dep't*, No. 5:22-CV-00289-M, 2025 WL 2952905, at *15 (E.D.N.C. Oct. 17, 2025) (sanctioning attorney for filing third motion to dismiss that had no chance of success); *FE Partners, LLC v. Chesapeake Boat Works, LLC*, No. 4:16CV188, 2017 WL 11743721, at *3 (E.D. Va. Aug. 31, 2017) ("Given the number of factual disputes, and the extensive motions practice already prosecuted under Rule 12, the court declines to exercise its discretion to consider the three new challenges for the first time now.") Although this rule may yield in the face of a subsequent change in circumstances or precedential development, *F.T.C. v. Innovative Mktg., Inc.*, 654 F. Supp. 2d 378, 383 (D. Md. 2009), or when a defense was not previously available to a party but now is, *Patterson v. Whitlock*, 392 F. App'x 185, 192 (4th Cir. 2010), Defendant points to no such circumstances here, nor can it.

The motion ought to be denied for this reason alone.

2. <u>Defendant's reading is doctrinally wrong and contrary to law.</u>

But even if the Court were to reach the merits of the Defendant's motion, it is clearly both doctrinally wrong and contrary to law.

Defendant's entire motion runs contrary to the explicit text of the regulation under which Plaintiff sues. The subject regulation here, 47 C.F.R. § 64.1200(c)(2), states that "No *person or*

3

*entity* shall initiate any telephone solicitation to: A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." Defendant's reading is positively peculiar. Congress authorized a private right of action to sue for *violations of rules that the regulations make clear natural persons can violate*. Interpreting "entity" to exclude individuals would create a bizarre loophole: a solo telemarketer or sole proprietor could violate the Do Not Call rules with impunity. That would be absurd, and it is an equally strong canon of statutory construction that a provision may be disregarded or judicially corrected as an error if failing to so would result in a disposition that no reasonable person could approve. Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 234 (2012). When someone receives a telemarketing call, that call is made "on behalf of" *someone*, and 47 C.F.R. § 64.1200(c)(2) makes clear who "someone" is, a "person or entity."

  If the TCPA prohibits persons *or* entities from initiating calls to numbers on the national do-not-call registry and likewise empowers consumers to bring an action "to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation," 47 U.S.C. § 227(c)(5)(B), it makes no sense why Congress would limit recovery to only half of the entities that could violate the statute without explicitly saying so. In this regard, Defendant's own contextual analysis by comparing other parts of the statute is its own undoing, because those sections show that "entity" is being used in a legal sense, not as in an everyday, collective sense in context, as here. Indeed, *no part* of Section 227(c)(5) states that the action must be brought "against *the entity*" in an "appropriate court of that State." It says an action may be brought by any person who has received a call "in violation of the regulations," and those regulations clearly apply to a "person or entity." Nothing in § 227(c)(5) says "only corporations

4

may be defendants" or uses any narrowing language to indicate that persons may not be sued. Nothing in the FCC's original TCPA orders and guidance suggests that individuals are immune from the TCPA, either including by using the terms "person" and "entity" interchangeably.

Defendant's reliance on Black's Law Dictionary is similarly misplaced. Statutory meaning depends on context. "[T] the problem with treating dictionaries as authoritative sources on a text's plain meaning is well-documented." *United States v. Ward*, 972 F.3d 364, 380 (4th Cir. 2020). "[I]t is one of the surest indexes of a mature and developed jurisprudence not to make a fortress out of the dictionary." *Cabell v. Markham*, 148 F.2d 737, 739 (2d Cir.), aff'd, 326 U.S. 404 (1945) (Hand, J.). Black's giving an *example* of an organization doesn't convert "entity" into a term of exclusion. Even Black's definition is broader than the Defendant claims, since a physician illegally billing Medicare under his own name as a sole proprietor operates as an "entity" in a corporate and organizational sense, and thus *falls under his own definition* of "entity." In any event, as has been explained, it is clear that, in context, Congress intended to use the term "entity" as a single, simple, collective noun encompassing the requirement that the calls must be placed "by or on behalf of" the same entity in an everyday sense, not a legal sense. Indeed, Webster's defines "entity" as "existing thing, being, existence, esp. independence, separate, or self-contained existence" Webster's Ninth New Collegiate Dictionary (1990) (cleaned up). In other words, in the context Defendant cites, the term "same entity" is part of a numerosity and aggregation element, which is driven by everyday language, not a clause defining who may be sued. Put differently, this language doesn't ask "is the defendant a corporate entity?" but rather asks, "were the calls made by or on behalf of a single caller ('entity' *qua* independent existing being) in violation of the DNC rules?"

The critical error in the Defendant's analysis is his isolated focus on the word "entity" that ignores the complete statutory phrase and its context, "by or on behalf of the *same entity*," which fundamentally changes the analysis. The context is clear that, in line with the TCPA's purpose as a remedial consumer protection statute, Congress intended for plaintiffs to have received more than one call from the same *group of persons* (i.e. same entity, in a common language collective sense) while excluding single anomalous calls, such as wrong number calls. The phrase prevents plaintiffs from aggregating unrelated calls, not from suing individuals. It is in this respect that Dr. Awan's reliance on different subsections of the TCPA are distinguishable, because the context shows that the purpose of the word "entity" is not a legal bar to who can be sued but rather an ordinary collective noun showing that the calls must be from the same caller.

This reading also comports with the ordinary, non-legal, everyday use of the term "entity." In other words, a Plaintiff cannot sue either Mercedes or BMW if he receives one call seeking to sell him a Mercedes and one call seeking to sell him a BMW. By contrast, a Plaintiff can sue Joe Smith and Joe's Garage if he receives one call from Joe personally seeking to have him come in for an oil change and another from Sally, his assistant, looking for the same thing. But he cannot sue Joe Smith and Joe's Garage if he receives one call from Joe personally seeking to invite him to a neighborhood block party and another from Sally, his assistant, looking to schedule someone else's oil change at the garage. That's the most logical reading of the statute in context. In Defendant's contrary reading, requiring the calls be made "by or on behalf of the same person or entity," is clumsy because it would not appropriately encompass the distinction Congress was getting at under this particular statutory subsection, and would subject Joe to liability in the third hypothetical. Even on Awan's own logic, Congress could have said "corporation" or "business entity" if it meant to immunize individual telemarketers. It didn't.

Defendant's reading also runs contrary to a mountain of TPCA case law. The TCPA is part of the Communications Act of 1934, as amended, and the Communications Act contains a *respondeat superior* provision. *See* 47 U.S.C. § 217 ("[T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as that of the person*.") (emphasis added). This provision applies when "construing and enforcing the provisions of the Communications Act," including the TCPA. *Reynolds Corp. v. National Operator Services, Inc.*, 73 F. Supp. 2d 299, 305 (W.D.N.Y. 1999).

District Courts across the country, including in this Circuit, have consistently invoked this provision to apply to employees who have direct, personal involvement in the illegal conduct at issue, and held that the "any person" language in § 217 applies to all persons, including corporate officers and employees. *See Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011), *Williams v. Schanck*, No. 5:15-CV-01434-MHH, 2019 WL 4246570, at *4 (N.D. Ala. Sept. 6, 2019), *Texas v. Am. Blast Fax, Inc.*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001). As another Court recently held with respect to similar circumstances as here, where the Defendant was on the call:

> Defendant Wilson argues that she may not be held liable under the TCPA. But her position ignores the plain text of the statute. Section 217 of the TCPA states: "In construing and enforcing the provisions of this chapter, the act, omission, or failure of any officer, agent, or other person acting for or *employed by* any common carrier or user, *acting within the scope of [her] employment*, shall in every case also be deemed to be the act, omission, or failure of such carrier or user *as well as of that person*." (emphasis added). Plaintiff alleges that Ms. Wilson was directly involved in the communications with him, using her personal cell phone, a claim that falls within the literal terms of Section 217.

*Shelton v. Pro Source Lending Grp. LLC*, No. CV 24-4394, 2025 WL 817485, at *6 (E.D. Pa. Mar. 14, 2025). *Shelton* is not an anomaly. In *Montelongo v. My Fin. Solutions LLC*, a plaintiff

7

properly sued a call center employee who did not place the plaintiff on a do-not-call list and the employee's manager who was responsible for "developing strategies to make unsolicited telemarketing calls" and "responsible for receiving, maintaining, investigating and responding to complaints about TCPA violations." No. SA-19-CV-00577-JKP, 2020 WL 210814, at *3 (W.D. Tex. Jan. 14, 2020). Plaintiff here pleads exactly the same type of personal involvement as in *Shelton*, including that Dr. Awan personally participated in the illegal call and spoke to the Plaintiff. This is in line with the Third Circuit's counsel:

> [A] corporation's officer "may be personally liable under the [statute] if he had direct, personal participation in or personally authorized the conduct found to have violated the statute, and was not merely tangentially involved." *Am. Blastfax*, 164 F.Supp.2d at 898; *see also, e.g.*, *Ott v. Mortg. Inv'rs Corp. of Ohio, Inc.*, 65 F.Supp.3d 1046, 1060 (D. Or. 2014); *Balt.–Wash. Tel. Co. v. Hot Leads Co.*, 584 F.Supp.2d 736, 745 (D. Md. 2008). In other words, a corporate officer can be personally liable if he "actually committed the conduct that violated the TCPA, and/or [he] actively oversaw and directed this conduct." *Am. Blastfax*, 164 F.Supp.2d at 897

*City Select Auto Sales Inc. v. David Randall Assocs., Inc.*, 885 F.3d 154, 162 (3d Cir. 2018).

*Krakauer* doesn't help Dr. Awan, either. It actually helps Plaintiff. All the Court held in *Krakauer* was that Congress's choice of "person," and the corresponding class definition which included "persons," as opposed to the narrower telephone "subscribers," in outlining *who* could sue, was the appropriate way to define the plaintiffs included in the class. *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 656 (4th Cir. 2019). In such a way, *Krakauer* actually construed the TCPA *more broadly* in order to reach its remedial consumer protection goals. *Id.* Defendant's thoroughly unpersuasive semantic arguments about corporate form and atextual, non-contextual statutory construction is the very same approach taken by Dish that the Fourth Circuit explicitly rejected. *Id.* at 654 (chiding Dish for attempting to "convert[] a simply remedial scheme into a fact-intensive quarrel"). *Krakauer* said nothing about narrowing *who can be sued*, and it certainly didn't hold that "entity" excludes individual persons. Simply put, Dr. Awan

8

inappropriately attempts to bootstrap a standing to sue defense that failed and *broadened* standing into a defendant immunity defense.

## Conclusion

Dr. Awan's reading of the term "entity" runs contrary to the text of the statute, both explicitly and in context. It runs contrary to well-established case law. Defendant's improper serial "supplemental" motion to dismiss ought to be denied.

Respectfully submitted,

DAVE MAXFIELD, ATTORNEY, LLC

By: s/ Dave Maxfield_____
David A. Maxfield, Esq., Fed ID 6293
P.O. Box 11865
Columbia, SC 29211
803-509-6800
855-299-1656 (fax)
dave@consumerlawsc.com

*Attorney for Jay Connor*

DATED: November 21, 2025

Charleston, South Carolina

9