# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

## CHARLESTON DIVISION

JAY CONNOR, individually

and on behalf of a class of all persons and

entities similarly situated,

        Plaintiffs,

vs.                                                                 Case No.       2:25-cv-07135-DCN

JF MARKETING & SUPPORT LLC,

RASHID AWAN

and AREAHOU DIAGNOSTICS LLC

        Defendants.

## DEFENDANT RASHID AWAN'S AMENDED ANSWER TO CLASS ACTION COMPLAINT

Defendant Rashid Awan ("Awan") would respectfully show unto the court:

### FOR A FIRST DEFENSE

1. Each and every allegation not hereinafter admitted, qualified, or explained is denied and strict proof is demanded thereof.

2. The allegations in paragraphs 1 – 6 contain statements and legal conclusions to which no response is required. To the extent paragraphs 1 – 6 contain allegations against Awan, Awan denies the same.

3. The allegations in paragraph 7 are denied.

4. The allegations in paragraph 8 are admitted.

5. Awan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and therefore denies same.

6.  The allegations in paragraph 10 are admitted only insofar as they allege Awan is a physician licensed in California. The remaining allegations are denied.

7.  Awan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and therefore denies same.

8.  The allegations in paragraph 12 are admitted.

9.  The allegations as to Awan in paragraph 13 are denied. Awan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 and therefore denies same.

10. Awan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 and therefore denies same.

11. The allegations in paragraphs 15 – 30 contain legal conclusions to which no response is required. To the extent paragraphs 15 – 30 contain allegations against Awan, Awan denies the same.

12. The allegations in paragraph 31 are admitted.

13. Awan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 – 43 and therefore denies same.

14. As to the allegations contained in paragraph 44, Awan admits so much as alleges that the Plaintiff spoke with Awan. Awan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 44 and therefore denies same.

15. To the extent paragraph 45 alleges that the Plaintiff spoke with Awan, those allegations are admitted. All remaining allegations are denied.

16. Awan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 – 68 and therefore denies same.

17. The allegations in paragraph 69 are denied.

18. To the extent paragraphs 43 – 45 contain allegations against Awan, Awan denies the same.[1]

19. The allegations in paragraphs 46 – 55 are denied.

20. As to the allegations in paragraph 56, Awan reiterates his previous responses thereto.

21. The allegations in paragraphs 57 – 60 are denied. Awan denies that 47 U.S.C. § 227(c)(5) provides a private right of action against natural persons, and further denies that 47 C.F.R. § 64.1200(c) provides a private right of action independent of 47 U.S.C. § 227(c)(5). *See West Virginia v. EPA*, 597 U.S. 697, 723, 142 S.Ct. 2587, 213 L.Ed.2d 896 (2022) ("Agencies have only those powers given to them by Congress, and 'enabling legislation' is generally not an 'open book to which the agency [may] add pages and change the plot line.'") [alteration in original]; *see also Ins. Marketing Col. Ltd. v. FCC*, 127 F.4th 303, 317 (11th Cir. 2025) ("In its attempt to 'implement' the TCPA, the FCC overstepped statutory boundaries.").

22. As to the allegations in paragraph 61, Awan reiterates his previous responses thereto.

23. The allegations in paragraphs 62 – 68 are denied.

24. As to the allegations in paragraph 69, Awan reiterates his previous responses thereto.

25. To the extent paragraphs 70 – 71 contain allegations against Awan, Awan denies the same.

## FOR A SECOND DEFENSE

### (Affirmative Defense of Illegality)

---

[1] The paragraph numbering in the Complaint resets on page 9, repeating paragraphs 43 – 69. Awan answers the remaining allegations according to their numbering in the Complaint.

3

26. "It is a will founded policy of law that no person be permitted to acquire a right of action from their own unlawful act and one who participates in an unlawful act cannot recover damages for the consequence of that act." *Livertt v. Island Breeze Intern., Inc*., 2012 WL 3264563, at *6 (D.S.C. Aug. 9, 2012) (*quoting Jackson v. Bi–Lo Stores, Inc*. 313 S.C. 272, 437 S.E.2d 168, 170 (Ct.App.1993).

27. "The principle of public policy is this: *ex dolo mala non oritur actio*. No court will lend its aid to a man who founds his cause of action upon an immoral or an illegal act. If from the plaintiff's own stating or otherwise, the cause of action appear to arise *ex turpi causa*, or the transgression of a positive law of this country, then the court says he has no right to be assisted. It is upon that ground the court goes, not for the sake of the defendant, but because they will not lend their aid to such a plaintiff." *Ewell v. Daggs*, 108 U.S. 143, 149, 2 S. Ct. 408, 412 (1883) (*quoting Holman v. Johnson*, (1775) 98 Eng. Rep. 1120, 1121); *see also Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 319, 105 S.Ct. 2622, 2633 n.12 (1985).

28. S.C. Code Ann. § 44-53-40 provides, in pertinent part, that it is "unlawful for a person to obtain or attempt to obtain a drug or device as defined by Section 39-23-20, or any pharmaceutical preparation, chemical, or chemical compound that is restricted in regard to its sale at retail by: (1) fraud, deceit, misrepresentation, or subterfuge;… [or] (4) use of a false name or giving of a false address."

29. The genetic testing kit is a "device" as defined by S.C. Code Ann. § 39-23-20(c)(1).

30. The genetic testing kit is not available without a prescription.

31. A person who violates S.C. Code Ann. § 44-53-40 "is guilty of a misdemeanor and, upon conviction, must be fined not more than five hundred dollars or imprisoned not more than two years, or both for a first offense."

32. In Paragraph 8, the Plaintiff alleges he resides in Charleston County, South Carolina.

33. In Paragraph 14, the Plaintiff alleges "the calls to the Plaintiff" occurred in South Carolina.

34. In Paragraphs 36 – 38 of the Complaint, the Plaintiff alleges he received a phone call concerning a genetic testing kit from "Mike" with "Genetic Advocate Lab" on April 16, 2025.  The Plaintiff alleges this was the first call he received "from Defendants."

35. In Paragraphs 36 – 39 of the Complaint, the Plaintiff alleges he impersonated his father during the first phone call he received from "Mike" with "Genetic Advocate Lab."

36. In Paragraph 39 of the Complaint, the Plaintiff alleges he impersonated his father on this first call "in an effort to get more information about Defendants' company."

37. In Paragraphs 44 – 45 of the Complaint, the Plaintiff alleges he spoke with Awan and answered questions concerning the genetic testing kit on April 17, 2025.

38. During his April 17, 2025, telehealth call with Awan, the Plaintiff impersonated his father, representing to Awan that the Plaintiff's father's name, date of birth, address, and other personal identifying information were his own.

39. Following his April 17, 2025, telehealth call with the Plaintiff, and Based on the Plaintiff's representations in the April 17, 2025, telehealth call, Awan prescribed the genetic testing kit for the Plaintiff's father.

40. Absent the Plaintiff's unlawful conduct, Awan would not have prescribed the genetic testing kit.

41. The Primary Immunodeficiency Testing Requisition Form executed by Awan in connection with the prescription includes the Plaintiff's father's name, date of birth, and address, but the Plaintiff's phone number.

42. In Paragraphs 46 – 48 of the Complaint, the Plaintiff alleges he received the genetic testing kit.

43. "[F]rom the plaintiff's own stating," and from the documents and recordings in Awan's possession, it is clear the Plaintiff engaged in fraud, deceit, misrepresentation, and subterfuge and provided Awan with a false name and a false address in an attempt to obtain a "device" as defined by S.C. Code Ann. § 39-23-20.

44. "[F]rom the plaintiff's own stating," and from the documents and recordings in Awan's possession, it is clear the Plaintiff engaged in fraud, deceit, misrepresentation, and subterfuge and provided Awan with a false name and a false address and did, in fact, obtain a "device" as defined by S.C. Code Ann. § 39-23-20.

45. The Plaintiff thus violated S.C. Code Ann. § 44-53-40 to acquire rights of action against Awan, and Awan submits that the Plaintiff's causes of action are barred by the Plaintiff's unlawful conduct.

## FOR A THIRD DEFENSE

### (Affirmative Defense of Fraud)

46. In Paragraphs 37 – 39 of the Complaint, the Plaintiff alleges he impersonated his father during the first call he received from "Mike" on April 16, 2025.

47. Upon information and belief, the Plaintiff fraudulently represented himself to be the Plaintiff's father to induce "Mike" to connect the Plaintiff with additional parties against whom the Plaintiff could initiate litigation.

48. During his April 17, 2025, telehealth call with Awan, the Plaintiff impersonated his father, providing Awan with the Plaintiff's father's name, date of birth, address, and other personal identifying information.

49. Based on the Plaintiff's representations, Awan wrote a prescription for a genetic testing kit for the Plaintiff's father.

50. In Paragraphs 46 – 48 of the Complaint, the Plaintiff alleges he received the genetic testing kit.

51. Awan was justified in relying on the Plaintiff's representations and has been injured by the Plaintiff's fraudulent conduct.

52. Awan submits the Plaintiff's causes of action are barred by the Plaintiff's fraudulent conduct.

WHEREFORE, having fully answered the Complaint of the Plaintiff, Awan prays the same be dismissed with costs, and for such other and further relief as this Court may deem just and proper.

/s/ J. Bradley Studemeyer
J. Bradley Studemeyer (Fed Bar No. 13396)
J. Gregory Studemeyer (Fed Bar No. 4368)
Ryan G. Studemeyer (Fed Bar No. 14400)
STUDEMEYER LAW FIRM, P.C.
7478 Carlisle Street
Post Office Box 1014
Irmo, South Carolina 29063
803-393-4399
Attorneys for Rashid Awan

Irmo, SC

January 23, 2026