**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

JAY CONNOR, individually
and on behalf of a class of all persons and
entities similarly situated,

       Plaintiffs,

vs.                              Case No. 2:25-cv-07135-DCN

JF MARKETING AND SOLUTIONS, INC.,

RASHID AWAN,

and AREAHOU DIAGNOSTICS LLC

       Defendants

## FEDERAL RULE OF CIVIL PROCEDURE 26(f) DISCOVERY PLAN

Jay Connor ("Plaintiff" or "Connor") and Rashid Awan ("Awan"), pursuant to Rule 26(f)(3) of

the Federal Rules of Civil Procedure, submit the following responses:

**A. What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

**RESPONSE:** The Parties will make Rule 26(a)(1) initial disclosures no later than April 13, 2026, as ordered by the Court.

**B. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

**RESPONSE:**

Plaintiff's Statement: The Plaintiff anticipates that discovery will be needed on the requisites of FED. R. CIV. P. 23 to support his anticipated motion for class certification as well as

on the merits of Plaintiff's claim to prepare for trial, or to oppose any summary judgment motion the Defendant may file. Plaintiff intends to seek discovery from Defendant or any identified third parties pertaining to (1) ESI regarding the alleged calls at issue in this case and any purported leads related thereto; (2) email and other communications related to telemarketing calls and any relationship with a vendor that may have made calls for the Defendant, as well as codefendants; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telephonic complaints received by Defendant and its responses thereto as the Plaintiff is seeking to certify the following classes:

**National Do Not Call Registry Class**: All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendants, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**Internal Do Not Call Registry Class**: All persons in the United States whose (1) previously requested that their telephone numbers no longer at least 31 days previously, (2) but who received more than one telemarketing call from or on behalf of Defendants, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**SCTPPA Class**:  All persons with a South Carolina area code to whom (a) at any time from four years prior to the filing of the Complaint (b) Defendants, or someone acting on their behalf (c) placed at least one telephone solicitation to a number registered on the National Do Not Call Registry.

Defendant's Statement: The subjects on which discovery may be needed will concern the facts and circumstances of the claims and defenses detailed in the Complaint and Awan's Answer. The parties have agreed to a modified discovery deadline set forth in the Proposed Amended Conference and Scheduling Order.  Discovery in phases or limitations on discovery is currently

2

unnecessary, with the reservation the parties may object to specific discovery requests and seek relief from the Court if necessary.

**C. Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

**RESPONSE:** The parties do not anticipate any issues concerning electronically stored information. Each party will produce electronically stored information, if any exists, that is relevant and non-privileged. If an issue arises, the parties will work to produce relevant electronically stored information in native format, consistent with the underlying request(s), the needs of the case, and the scope of discovery as contemplated herein.

**D. Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

**RESPONSE:** The parties agree to use the procedures set forth in Rule 26(b)(5) of the Federal Rules of Civil Procedure regarding any claims of privilege or work product protection. The parties agree to the claw-back of inadvertently produced privileged documents provided in Rule 502 of the Federal Rules of Evidence. The parties shall provide a privilege log for all privileged documents.

**E. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

**RESPONSE:** The parties agree that all written discovery and depositions shall be conducted in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules. The parties agree

3

to electronic service of discovery documents.

**F.  Any other orders that the court should issue under Rule 26(c) or under Rule 16(b)**

**and (c).**

**RESPONSE:**  We agree that the schedule set forth in the Conference and Scheduling Order filed February 5, 2026 requires modification as set forth in the proposed Consent Amended Scheduling Order which will be e-mailed to chambers as required:

(See below bolded portion):

Dispositive Motions: All dispositive motions and all Daubert **and all class certification motions** shall be filed on or before December 4, 2026

## LOCAL CIVIL RULE 26.03 REQUIREMENTS

**1.     A short statement of the facts of the case.**

**RESPONSE:**

**Plaintiff:** This case arises from a straightforward unlawful telemarketing campaign directed at a South Carolina consumer whose residential number had been on the National Do Not Call Registry since 2009. Plaintiff alleges that, despite never consenting, he received at least eight telemarketing calls promoting genetic testing services and kits tied to Defendants JF Marketing & Support, Areahou Diagnostics, and Dr. Rashid Awan. The complaint alleges that the callers continued even after Plaintiff expressly told them to stop, and that the calls culminated in the shipment of a genetic swab kit to Plaintiff that was prescribed by Dr. Awan. In addition to asserting federal claims under the TCPA, Plaintiff also brought a South Carolina Telephone Privacy Protection Act claim based on calls placed to a South Carolina number listed on the Registry.

Plaintiff alleges that after being transferred through the telemarketing chain, he spoke directly with Dr. Awan, who asked him a series of questions about the Areahou Diagnostics genetic

4

testing kit; immediately afterward, Plaintiff received the kit by UPS, and the accompanying requisition paperwork identified the source of the kit as Dr. Rashid Awan and JF Marketing & Support, with the kit to be returned to Areahou Diagnostics. On those allegations, the complaint placed Dr. Awan at the center of the challenged conduct and as a participant in, and beneficiary of, the telemarketing effort. The procedural history underscores the point: although the other defendants are now in default, Dr. Awan twice attempted to escape the case through serial motions to dismiss, and the district court denied both motions from the bench after oral argument.

**Awan:** Plaintiff is a South Carolina resident. Defendant Rashid Awan ("Awan") is a resident of California. Plaintiff alleges that between April 16, 2025, and May 7, 2025, Plaintiff received eight phone calls made by or on behalf of the Defendants related to a genetic testing kit in violation of the Telephone Consumer Protection Act and South Carolina Telephone Privacy Protection Act. Plaintiff further alleges that he provided Defendants with his father's information during these phone calls. Plaintiff alleges the existence of a class of persons similarly situated and brings this action as a purported class action lawsuit. Plaintiff filed suit on July 11, 2025. On January 23, 2026, Awan filed an Amended Answer to the Complaint, denying the material allegations of Plaintiff's Complaint as to Awan and asserting the affirmative defenses of illegality and fraud based on Plaintiff's use of his father's identity to obtain a prescription device.

> **2.    The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

**RESPONSE:**

**Plaintiff:**

a) Plaintiff Jay Connor – Plaintiff will provide testimony as to the calls he received and his

investigation into them, including testimony as to the elements of both his and the class claims.

b) Unknown 30(b)(6) Representatives from Telephone Companies – The nature and scope of the calling conduct at issue, as discovery may reveal.

c) Dr. Awan – Plaintiff may call Mr. Awan as a witness to describe the nature of his business and the calls he is alleged to have placed.

Plaintiff expressly reserves the right to identify other witnesses, dependent upon the content of additional discovery in this matter.

**Awan:**

a) Jay Connor. Connor is expected to testify as to the phone calls received from Defendants, the content of his phone conversations with Defendants, and receipt of a prescription genetic testing kit.

b) Rashid Awan. Awan is expected to testify as to his medical practice, his participation in a telehealth appointment with the Plaintiff, his relationship with TeleSolutions MD, TeleSolutions MD's relationships with vendors, and the absence of any contractual relationship between himself and the other two defendants.

Awan expressly reserves the right to identify other witnesses, dependent upon the content of additional discovery in this matter.

**3.      The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

**RESPONSE:**

**Plaintiff:** Plaintiff will obtain an expert witness to analyze telephone calling records and consent records (if any) uncovered in discovery to ascertain class members. Plaintiff expressly reserves the

6

right to identify other experts, dependent upon the content of additional discovery in this matter.

**Awan:** Defendant has not identified any expert witnesses to date and does not anticipate calling an expert witness.

> 4.    **A summary of the claims or defenses with statutory and/or case citations supporting the same.**

**RESPONSE:**

**Plaintiff:** Plaintiff's claims arise under the TCPA's National Do Not Call Registry provisions at 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2), the Internal Do Not Call Registry provisions at 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)(3), and the SCTPPA, S.C. Code § 37-21-10 *et. seq*. Plaintiff expressly disclaims Awan's affirmative defenses and demand strict proof thereof.

**Awan:** As to Awan's affirmative defenses, Awan will rely on the following:

> c) <u>Illegality</u>:  Awan's affirmative defense of illegality is asserted pursuant to Rule 8(c)(1), Fed. R. Civ. P. No Person may acquire a right of action from their own unlawful act. *Livertt v. Island Breeze Intern., Inc*., 2012 WL 3264563, at *6 (D.S.C. Aug. 9, 2012). *See also Jackson v. Bi–Lo Stores, Inc*. 313 S.C. 272, 437 S.E.2d 168, 170 (Ct.App.1993); *Ewell v. Daggs*, 108 U.S. 143, 149, 2 S. Ct. 408, 412 (1883); *Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 319, 105 S.Ct. 2622, 2633 n.12 (1985). It is "unlawful for a person to obtain or attempt to obtain a drug or device as defined by [S.C. Code Ann.] Section 39-23-20, or any pharmaceutical preparation, chemical, or chemical compound that is restricted in regard to its sale at retail by: (1) fraud, deceit, misrepresentation, or subterfuge;… [or] (4) use of a false name or giving of a false address." S.C. Code Ann. § 44-53-40. A genetic testing kit is not available

without a prescription and is thus a "device" as defined by S.C. Code Ann. § 39-23-20(c)(1). A person who violates S.C. Code Ann. § 44-53-40 "is guilty of a misdemeanor and, upon conviction, must be fined not more than five hundred dollars or imprisoned not more than two years, or both for a first offense." The Plaintiff pled that he impersonated his father in his first phone contact with the Defendants, and, upon information and belief, maintained this deception through his telehealth appointment with Awan, during which Awan prescribed the genetic testing kit to the Plaintiff's father based on the Plaintiff's false representations. The Plaintiff thus violated S.C. Code Ann. § 44-53-40 to acquire rights of action against the Defendants, including Awan, and his causes of action should be barred.

d) <u>Fraud:</u> "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The Rule 9(b) standard requires a party to, "at a minimum, describe 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.' These facts are often 'referred to as the who, what, when, where, and how of the alleged fraud.' " *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008).

5.    **Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.):**

(a)    **Exchange of Fed. R. Civ. P. 26(a)(2) expert Disclosures.**

**RESPONSE:** The parties are comfortable with the dates set forth in the Conference and

Scheduling Order filed in this action.

        **(b)     Completion of discovery.**

**RESPONSE:** The parties are comfortable with the dates set forth in the Conference and Scheduling Order filed in this action.

        **6.     Any special circumstances that would affect the time frames applied in preparing the scheduling order.** *See generally* **Local Civ. Rule 16.02(C) (D.S.C.) (Content of Scheduling Order).**

**RESPONSE:** See above, aligning deadlines for Class Certification and Summary judgment to December 4, 2026

        **7.     Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.**

**RESPONSE:** Not applicable.

s/J. Bradley Studemeyer
J. Bradley Studemeyer (Fed ID No. 13996)
jb@studemeyerlawfirm.com
STUDEMEYERLAW FIRM, P.C.
7478 Carlisle Street
Post Office Box 1014
Irmo, South Carolina 29063
Tel.: (803) 393-4399


*Attorney for Defendant Rashid Awan*

s/ David A. Maxfield
David A. Maxfield  (Fed ID No. 6293)
dave@consumerlawsc.com
DAVE MAXFIELD, ATTORNEY, LLC
P.O. Box 11865
Columbia, SC 29211
Tel.: (803) 509-6800

Andrew R. Perrong (Appearing *Pro Hac Vice*)
a@perronglaw.com
PERRONG LAW, LLC
2657 Mount Carmel Avenue, Glenside, PA 19038
Tel.: (215) 225-5529

*Attorneys for Plaintiff Jay Connor*