UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

JAY CONNOR, individually

and on behalf of a class of all persons and

entities similarly situated,

       Plaintiffs,

vs.                                                          Case No.        2:25-cv-07135-DCN

JF MARKETING & SUPPORT LLC,

RASHID AWAN

and AREAHOU DIAGNOSTICS LLC

       Defendants.

## <u>DEFENDANT RASHID AWAN'S ANSWER TO AMENDED CLASS ACTION COMPLAINT</u>

Defendant Rashid Awan ("Awan") would respectfully show unto the court:

### FOR A FIRST DEFENSE

1. Each and every allegation not hereinafter admitted, qualified, or explained is denied and strict proof is demanded thereof.

2. The allegations in paragraphs 1 – 8 contain statements and legal conclusions to which no response is required. To the extent paragraphs 1 – 8 contain allegations against Awan, Awan denies the same.

3. The allegations in paragraph 9 are admitted.

4. Awan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and therefore denies same.

1

5. The allegations in paragraph 11 are admitted only insofar as they allege Awan is a physician licensed in California and that Awan has billed patients' insurance for telehealth services. The remaining allegations are denied.

6. Awan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and therefore denies same.

7. As to the allegations in paragraph 13, Awan admits so much as alleges Icy-Tele Solutions LLC is a California limited liability company. The remaining allegations are denied.

8. The allegations in paragraph 14 are admitted.

9. The allegations as to Awan in paragraph 15 are denied. Awan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 and therefore denies same.

10. The allegations in paragraph 16 are admitted.

11. The allegations in paragraphs 15 – 32 contain legal conclusions to which no response is required. To the extent paragraphs 15 – 32 contain allegations against Awan, Awan denies the same.

12. The allegations in paragraph 33 are admitted.

13. Awan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 – 38 and therefore denies same.

14. As to the allegations in paragraphs 39 – 40, Awan admits so much as alleges the Plaintiff engaged in a telephone call with an individual identified as "Mike" on April 16, 2025. Awan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 39 – 40 and therefore denies same.

15. As to the allegations in paragraph 41, Awan admits so much as alleges that the Plaintiff answered questions and provided "Mike" with his father's information. Awan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 41 and therefore denies same.

16. The allegations in paragraph 42 are denied.

17. Awan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 43 – 44 and therefore denies same.

18. As to the allegations contained in paragraph 45, Awan admits so much as alleges that the Plaintiff spoke with "Mike" on April 17, 2024. Awan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 44 and therefore denies same.

19. The allegations contained in paragraph 46 are admitted.

20. As to the allegations contained in paragraph 47, Awan admits so much as the Plaintiff answered a series of questions related to the Plaintiff's alleged need for genetic testing. All remaining allegations are denied.

21. As to the allegations in paragraph 48, Awan admits so much as alleges the Plaintiff received a genetic testing kit prescribed by Awan. Awan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 48 and therefore denies same.

22. As to the allegations in paragraph 49, Awan admits so much as alleges that he executed a primary immunodeficiency testing requisition form in connection with the genetic testing kit. The remaining allegations are denied.

23. The allegations in paragraph 50 are admitted.

24. Awan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 – 66 and therefore denies same.

25. The allegations in paragraph 67 are admitted.

26. The allegations in paragraph 68 are denied.

27. Awan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 and therefore denies same.

28. As to the allegations in paragraph 70, Awan admits so much as alleges that Icy-Tele provided patient screening services for Telesolutions MD, PC, which Awan owns. The remaining allegations are denied.

29. As to the allegations in paragraph 71, Awan admits so much as alleges that Telesolutions MD, PC, contracted with Icy-Tele. Awan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 71 and therefore denies same.

30. The allegations in paragraph 72 are denied.

31. The allegations in paragraphs 73 – 76 contain legal conclusions and arguments to which no response is required. To the extent paragraphs 73 – 76 contain allegations against Awan, Awan denies the same.

32. The allegations as to Awan in paragraphs 77 – 84 are denied. Awan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 77 – 84 and therefore denies same.

33. As to the allegations in paragraph 85, Awan admits so much as alleges the genetic testing kit obtained by the Plaintiff is a device available only by prescription. The remaining allegations are denied.

34. The allegations in paragraphs 86 – 87 are denied.

35. The allegations as to Awan in paragraphs 88 – 90 are denied. Awan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 88 – 90 and therefore denies same.

36. The allegations in paragraphs 91 – 93 are denied.

37. The allegations as to Awan in paragraphs 94 – 98 are denied. Awan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 94 – 98 and therefore denies same.

38. Awan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 99 and therefore denies same.

39. The allegations as to Awan in paragraphs 100 – 101 are denied. Awan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 100 – 101 and therefore denies same.

40. The allegations in paragraph 102 contain legal conclusions and arguments to which no response is required. To the extent paragraph 102 contain allegations against Awan, Awan denies the same.

41. The allegations as to Awan in paragraph 103 are denied. Awan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 103 and therefore denies same.

42. The allegations in paragraphs 104 – 107 are denied.

43. The allegations as to Awan in paragraph 108 are denied. Awan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 108 and therefore denies same.

44. The allegations in paragraph 109 – 121 contain legal conclusions and arguments to which no response is required. To the extent paragraph 109 – 121 contain allegations against Awan, Awan denies the same.

45. As to the allegations in paragraph 122, Awan reiterates his previous responses thereto.

46. The allegations as to Awan in paragraphs 123 – 126 are denied. Awan denies that 47 U.S.C. § 227(c)(5) provides a private right of action against natural persons, and further denies that 47 C.F.R. § 64.1200(c) provides a private right of action independent of 47 U.S.C. § 227(c)(5). *See West Virginia v. EPA*, 597 U.S. 697, 723, 142 S.Ct. 2587, 213 L.Ed.2d 896 (2022) ("Agencies have only those powers given to them by Congress, and 'enabling legislation' is generally not an 'open book to which the agency [may] add pages and change the plot line.'") [alteration in original]; *see also Ins. Marketing Col. Ltd. v. FCC*, 127 F.4th 303, 317 (11th Cir. 2025) ("In its attempt to 'implement' the TCPA, the FCC overstepped statutory boundaries."). Awan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 123 – 126 and therefore denies same.

47. As to the allegations in paragraph 127, Awan reiterates his previous responses thereto.

48. The allegations as to Awan in paragraphs 128 – 134 are denied. Awan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 128 – 134 and therefore denies same.

49. As to the allegations in paragraph 135, Awan reiterates his previous responses thereto.

50. To the extent paragraphs 136 – 137 contain allegations against Awan, Awan denies the same.

**FOR A SECOND DEFENSE**

(Affirmative Defense of Illegality)

51. A private right of action under 47 U.S.C. § 227(c)(5) does not arise unless and until a person with a number on the Do-Not-Call registry receives "two calls made to that number in a year." *See Krakauer v. Dish Network, L.L.C.* 925 F.3d 643, 655 (4th Cir. 2019).

52. Prior to satisfying the conditions to bring a private right of action against *any* entity pursuant to 47 U.S.C.§ 227(c)(5), the Plaintiff impersonated his father in a health care matter, repeatedly providing others with his father's name, date of birth, address, and Medicare ID number as if they were his own to facilitate the provision of and payment for medical services.

53. While impersonating his father, the Plaintiff agreed to have Medicare billed for services provided to him and caused Medicare to be billed for services provided to him. The Plaintiff further produced proof that Medicare paid for services provided to him while he was impersonating his father.

54. In his pursuit of claims under the Telephone Communications Privacy Act, the Plaintiff violated federal and state laws, including 18 U.S.C. § 1035, "False statements relating to health care matters," 18 U.S.C. § 1347, "Health care fraud," and 18 U.S.C. § 1028A, "Aggravated Identity Theft, " and S.C. Code Ann. § 44-53-40, "Obtaining certain drugs, devices, preparations, or compounds by fraud or deceit."

55. "It is a well founded policy of law that no person be permitted to acquire a right of action from their own unlawful act and one who participates in an unlawful act cannot recover damages for the consequence of that act." *Livertt v. Island Breeze Intern., Inc.*, 2012 WL

3264563, at *6 (D.S.C. Aug. 9, 2012) (*quoting Jackson v. Bi–Lo Stores, Inc*. 313 S.C. 272, 437 S.E.2d 168, 170 (Ct.App.1993).

56. "The principle of public policy is this: *ex dolo mala non oritur actio*. No court will lend its aid to a man who founds his cause of action upon an immoral or an illegal act. If from the plaintiff's own stating or otherwise, the cause of action appear to arise *ex turpi causa*, or the transgression of a positive law of this country, then the court says he has no right to be assisted. It is upon that ground the court goes, not for the sake of the defendant, but because they will not lend their aid to such a plaintiff." *Ewell v. Daggs*, 108 U.S. 143, 149, 2 S. Ct. 408, 412 (1883) (*quoting Holman v. Johnson*, (1775) 98 Eng. Rep. 1120, 1121); *see also Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 319, 105 S.Ct. 2622, 2633 n.12 (1985).

57. "The common-law defense at issue in this case derives from the Latin, *in pari delicto potior est conditio defendentis*: 'In a case of equal or mutual fault ... the position of the [defending] party ... is the better one.' The defense is grounded on two premises: first, that courts should not lend their good offices to mediating disputes among wrongdoers; and second, that denying judicial relief to an admitted wrongdoer is an effective means of deterring illegality." *Bateman*, 472 U.S. at 306, 105 S.Ct. at 2626-27.

58. 18 U.S.C. § 1035, "False statements relating to health care matters," provides

    **(a)** Whoever, in any matter involving a health care benefit program, knowingly and willfully--

    **(1)** falsifies, conceals, or covers up by any trick, scheme, or device a material fact; or

**(2)** makes any materially false, fictitious, or fraudulent statements or representations, or makes or uses any materially false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry,

in connection with the delivery of or payment for health care benefits, items, or services, shall be fined under this title or imprisoned not more than 5 years, or both.

**(b)** As used in this section, the term "health care benefit program" has the meaning given such term in section 24(b) of this title.

59. "[F]rom the plaintiff's own stating," and from the Plaintiff's admissions and productions in discovery, it is clear the Plaintiff knowingly and willfully falsified a material fact and made materially false statements in connection with the delivery of or payment for health care benefits, items, or services.

60. 18 U.S.C. § 1347, "Health care fraud," provides,

**(a)** Whoever knowingly and willfully executes, or attempts to execute, a scheme or artifice--

**(1)** to defraud any health care benefit program; or

**(2)** to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program,

in connection with the delivery of or payment for health care benefits, items, or services, shall be fined under this title or imprisoned not more than 10 years, or both…

**(b)** With respect to violations of this section, a person need not have actual knowledge of this section or specific intent to commit a violation of this section.

61. "[F]rom the plaintiff's own stating," and from the Plaintiff's admissions and productions in discovery, it is clear the Plaintiff knowingly and willfully executed a scheme to defraud a health care benefit program in connection with the delivery of or payment for health care benefits, items and services.

62. 18 U.S.C. § 1028A, "Aggravated Identity Theft," provides, in pertinent part,

**(a) Offenses**.--

(1)In general.-- Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years…

**(c) Definition**. -- For purposes of this section, the term "felony violation enumerated in subsection (c)" means any offense that is a felony violation of –

(5) any provision contained in chapter 63 (relating to mail, bank, and wire fraud).

63. "[F]rom the plaintiff's own stating," and from the Plaintiff's admissions and productions in discovery, it is clear the Plaintiff used a means of identification of another person without lawful authority in connection with a violation of 18 U.S.C. § 1347.

64. S.C. Code Ann. § 44-53-40 provides, in pertinent part, that it is "unlawful for a person to obtain or attempt to obtain a drug or device as defined by Section 39-23-20, or any pharmaceutical preparation, chemical, or chemical compound that is restricted in regard to its sale at retail by: (1) fraud, deceit, misrepresentation, or subterfuge;… [or] (4) use of a

false name or giving of a false address." The genetic testing kit is a device as defined by S.C. Code Ann. § 39-23-20.

65. "[F]rom the plaintiff's own stating," and from the Plaintiff's admissions and productions in discovery, it is clear the Plaintiff engaged in fraud, deceit, misrepresentation, and subterfuge and provided Awan with a false name and a false address to obtain a "device" in violation of S.C. Code Ann. § 44-53-40.

66. Because the Plaintiff's unlawful conduct began prior to the Plaintiff acquiring a private right of action against any Defendant pursuant to 47 U.S.C. § 227(c)(5), his causes of action are founded on immoral or illegal acts, and Awan submits that the Plaintiff's causes of action are barred by the Plaintiff's unlawful conduct.

WHEREFORE, having fully answered the Complaint of the Plaintiff, Awan prays the same be dismissed with costs, and for such other and further relief as this Court may deem just and proper.

/s/ J. Bradley Studemeyer
J. Bradley Studemeyer (Fed Bar No. 13396)
J. Gregory Studemeyer (Fed Bar No. 4368)
Ryan G. Studemeyer (Fed Bar No. 14400)
STUDEMEYER LAW FIRM, P.C.
7478 Carlisle Street
Post Office Box 1014
Irmo, South Carolina 29063
803-393-4399
Attorneys for Rashid Awan

Irmo, SC

August 10, 2026

11